The People of the State of New York ex rel. Michael Linehan, Relator, v. James J. Martin and Others, as Police Commissioners of the City of New York, Respondents.

*Discharge of a patrolman — refusal by the police commissioners to adjourn a hearing — when not an abuse of discretion.*

The relator, a patrolman upon the New York city police force, was dismissed from the service for intoxication. A written notice of the charge made against him, and that it would be investigated, was personally served on him five days prior to the time set for the investigation. He appeared before the board at the time specified with counsel and asked for an adjournment to procure witnesses, but did not mention the name of any person whom he desired to call as a witness.

The charge against him was proved by two witnesses, and the relator was not sworn in his own behalf, nor did he make any defense. Five days after the hearing he made and filed an affidavit with the commissioners, in which he stated the names of three persons by whom he could disprove the charge made against him.

*Held*, that it was not an abuse of discretion upon the part of the board of police commissioners to refuse to grant the adjournment asked for.

Certiorari issued out of the Supreme Court and attested on the 17th day of January, 1894, directed to James J. Martin, Charles F. MacLean, John McClave and John C. Sheehan, commissioners composing the board of police commissioners of the police department of the city of New York, commanding them to certify and return to the office of the clerk of the county of New York all and singular their action, decision and proceedings in the removal of Michael Linehan, a member of the police force of the city of New York.

*Louis J. Grant*, for the relator.

*Terence Farley*, for the respondents.

Follett, J.:

The relator, a patrolman, was dismissed from the police service for intoxication. A written notice of the charge made against him, and that it would be investigated November 15, 1893, was personally served on the relator November 10, 1893. He appeared before the board with counsel and asked for an adjournment to procure witnesses, but did not state the name of any person whom he desired to call. The charge was proved by two witnesses, the cap-

tain of the precinct and a police surgeon. The relator was not sworn in his own behalf and made no defense. Five days after the hearing, he made and filed an affidavit with the commissioners, in which he stated the names of three persons by whom he swore that he could disprove the charge made against him. Why the names of the witnesses were not given on the hearing, or not earlier furnished, is not disclosed. It is not asserted that erroneous rulings were made on the hearing, and the only ground upon which we are asked to reverse the proceedings is because an adjournment was refused. We think the board did not abuse its discretion. He had five days' notice of the hearing, and, so far as the case shows, made no effort to have his witnesses subpœnaed. When confronted with the charge, he declined to be sworn and gave no evidence that he had any defense on the merits.

The writ should be dismissed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Writ dismissed, with costs.